NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-626

COMMONWEALTH

vs.

DAWAN SEARCY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Dawan Searcy was found in violation of his probation and claims that the Superior Court judge erred in the admission of hearsay during his final violation of probation hearing. Because the probationer had already admitted to being in violation of his probation and the statement was considered by the judge only when sentencing the probationer, we affirm.

Background.  We summarize the relevant background as follows.  On September 30, 2015, the defendant pleaded guilty to one count of home invasion, three counts of assault and battery by means of a dangerous weapon in violation of a protective order, and one count of assault and battery resulting in serious bodily injury.  The defendant was sentenced to not less than seven years and not more than seven years and one day on one of

the charges and to three years of probation on all other charges.

On July 24, 2019, the probation department filed a notice of violation for alleged violations of probation. After defaulting on the warrant, Searcy was brought to court and the default was removed. On July 27, 2021, the final violation hearing occurred. During the hearing, Searcy waived his right to a full probation hearing and his right to appear in person. Appearing virtually, Searcy then admitted to the court that he had violated his probation. The defendant was represented by counsel. After the court found the defendant had waived his rights freely and voluntarily, the court allowed the prosecutor to read aloud the victim impact statement from the underlying criminal case Searcy had pleaded guilty to in 2015. The statements detailed the defendant's movements and actions relating to the crimes of which he was convicted.

Discussion. Searcy appeals, arguing in a brief pursuant to Commonwealth v. Moffett, 383 Mass. 201, 208-209 (1981), that the Superior Court judge inappropriately allowed the victim impact statement in evidence. He argues that this admission was hearsay and violated his confrontation clause rights. Because these claims were not made at his final violation of probation hearing, we review them for a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).

2

"In general, probation violation hearings follow a two-step process:  the judge first determines if a probation violation has occurred, and then decides how to dispose of the matter." Commonwealth v. Al Saud, 459 Mass. 221, 226 (2011).  Here, the record indicates that the probationer admitted to the violations, which the probation officer summarized,[1] and that a police report documenting alleged subsequent criminal conduct was introduced.  Once the violation was stipulated, the next step was for the judge to determine whether the probationer should be re-probated, be sentenced to incarceration, or have probation terminated.  See id.  ("Although the judge may revoke or modify probation if a violation is found, the judge retains the discretion not to take either action").  The victim impact statement was read in evidence while the judge was considering what, if any, sentence to impose.  The admission was accordingly not error.  Commonwealth v. Doucette, 81 Mass. App. Ct. 740, 743 (2012) ("[T]he judge was entitled to read the transcript of the previous sentencing and consider the victim impact statements for purposes of understanding the original sentence as an organic whole, as well as the intent of the original sentencing judge").  Searcy argues that the judge considered the victim

---

[1] The probation officer summarized the probationer's various violations, including subsequent criminal activity and failure to report to probation.

3

impact statement while determining whether the probationer violated one or more terms of probation. This argument is not supported by the record.

Additionally, even if we were to assume that the admission of the victim impact statement constituted error, there is no substantial risk of a miscarriage of justice where Searcy had already admitted that he violated his probation, because there is little doubt that the result would have been the same without the admission of the statement. See Commonwealth v. Azar, 435 Mass. 675, 687 (2002), quoting Commonwealth v. LeFave, 430 Mass. 169, 174 (1999) ("The substantial risk standard requires us to determine 'if we have a serious doubt whether the result of the trial might have been different had the error not been made'"). For those reasons, we affirm.

> Orders dated July 27, 2021, revoking probation and imposing sentences, as amended by order dated August 16, 2021, affirmed.

> By the Court (Milkey, Walsh & Smyth, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  June 29, 2023.

---

[2] The panelists are listed in order of seniority.